# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAN F. BECKER,**

                    Petitioner,

      **-vs-**                                                          **Case No. 07-C-852**

**WARDEN HUDSON, et al.,**

                    Respondents.

## DECISION AND ORDER

Jan Becker ("Becker") is a self-proclaimed "political prisoner" housed at "Secret United Way Death Gulag #3" in Mansfield, Ohio. According to an unpublished Sixth Circuit opinion attached to Becker's complaint/petition, Becker was convicted in Ohio of gross sexual imposition, felonious sexual penetration, and rape. He was sentenced to thirty years to life in prison. The Sixth Circuit's opinion, issued December 6, 2005, affirmed a Michigan District Court judgment dismissing Becker's petition under 28 U.S.C. § 2254. Becker is currently detained at the Mansfield Correctional Institution in Ohio.

This matter was docketed as another habeas petition under § 2254. Given the Sixth Circuit's 2005 decision, Becker cannot bring another habeas petition without running afoul of the prohibition against second or successive petitions without prior authorization from an appellate court. *See* 28 U.S.C. § 2244(b)(3)(A). Becker's petition is defective for a whole host of additional procedural reasons, including untimeliness (*see* 28 U.S.C. § 2244(d)(1) – imposing one year limitation from date judgment of conviction becomes final) and improper

venue (*see* 28 U.S.C. § 2241(d) – petition must be filed where prisoner is in custody or where prisoner was convicted).

More generally, it is not entirely clear that Becker's action is a habeas petition. He repeatedly refers to the RICO statute and alleges that the President's use of secret military tribunals – in concert with United States Attorneys and Senators in every jurisdiction (including Wisconsin) – is in violation of RICO. Moreover, the Court cannot discern whether Becker seeks money damages or release from prison – apparently, he wants both.

Putting aside the perplexing question of how or why the alleged use of secret tribunals affected Becker, the action filed by Becker stands as a textbook example of a frivolous complaint. "Sometimes . . . a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton*, 302 F.3d 773, 774 (7th Cir. 2002). Taken in combination with the fact that Becker requested leave to proceed *in forma pauperis* ("IFP"), the Court may dismiss this complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (court shall dismiss case if an action is frivolous or malicious). For many of the same reasons, Becker's request for habeas relief is also without substantive merit. *See* Rule 4 of Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . .")

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Becker's request for leave to proceed IFP is **DENIED**; and

2. This matter is **DISMISSED** in its entirety.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2007.

                                          **SO ORDERED,**

                                          **s/ Rudolph T. Randa**
                                          **HON. RUDOLPH T. RANDA**
                                          **Chief Judge**